This next case in the afternoon is People of the State of Illinois v. Charles Palmer for the appellant, Ms. Brady, for the affiliates, Ms. McNeil. You may proceed. Good afternoon, your honors, and may I please report. The parties here agree that Charles Palmer spent 18 years incarcerated for committing one act, beating William Hellmacher to death by himself. The parties also agree that DNA evidence conclusively establishes that Mr. Palmer is innocent of that act. The design of the conviction was deviated, the state dropped charges, and declined to retry him. So today I'd like to talk about the reasons why the language of the Certificate of Innocence statute and the evidence in this case, including that DNA, entitle him to a certificate of innocence. The state, on the other hand, attempts to use this exonerating DNA to oppose Mr. Palmer's certificate, but neither the statute nor the evidence in this case allow this approach. Accordingly, this court should reverse the trial court and remand with instructions to grant Mr. Palmer a certificate of innocence. So turning now to the first independent basis on which this court should reverse, Mr. Palmer is entitled to a certificate of innocence because he's shown that he's innocent of being a murderer as the principal, which is the only offense charged in the indictment. This is a matter of law, and this court should review this issue to no avail. The Charles Palmer burden under the Certificate of Innocence statute is to show innocence of the offense charged in the indictment. So the first thing this court needs to do is look at what the indictment says. So if there's any question about what the indictment says or there's some ambiguity about whether an additional offense was charged in the indictment, the court can look to the evidence presented at trial or the jury instruction for further information. Here, Mr. Palmer was charged with five counts of knowing intentional or felony murder for repeatedly striking William Kumbach around the head and killing him. All parties agree that the language in the indictment supports only a theory that Mr. Palmer was the sole assailant. All parties also agree that the only evidence presented at trial was evidence that supported the theory that Mr. Palmer was the sole assailant. The jury instructions support this single theory as well. This court's precedent is clear. In situations like this, this court held in People v. Doss, that if one theory of an offense is charged in an indictment specifically, for example, liability as the principal, and all of the evidence at trial goes to that one theory, and the jury instructions support that one theory, then that's the only offense charged. And other versions of that offense are excluded by the indictment. So this is not a case where the indictment specifies one version of the offense, but all of the evidence at trial is about a different theory of that offense. And certainly in cases like that, courts have held that an indictment on one offense can be read to another. But this isn't that case. This is a case where all of the language in the indictment and the information presented at trial to the jury is about one specific version of the offense, where Charles Palmer was the sole assailant. Now, the state has pointed to no case allowing it to do what it's asking this court to do now, which is to look at the word murder at the top of the indictment and conclude that it automatically includes all versions of the offense. And that's because there is no such case. This court held in People v. Doss that when the situation is what it is here, where the indictment charges one version of the offense and all the evidence at trial and jury instructions are about only that offense, that's the only offense charged. And all parties agree that that is murder as the sole principle. So Mr. Palmer's burden under the statute is to show innocence of the offense charged in the indictment being the sole principle. All parties agree that he's innocent of that offense. The state agrees it, and the exonerating DNA conclusively establishes it. Even if this court decides to read the indictment broadly, there's another independent reason why the state cannot be allowed to rely on a brand new theory of guilt to oppose Mr. Palmer's certificate of innocence. This is an issue of statutory interpretation, and this court reviews this issue to no vote. So the plain language of the statute, the certificate of innocence statute, clearly precludes the state from introducing a new theory of guilt at the certificate of innocence. I want to stop you there because I'm confused on the burden of proof. I think you just indicated that if it's statutory interpretation, it would be de novo. But how about the ultimate trial court's decision? What is our standard of review on that? Your Honor, so if this court gets to a weighing of the evidence, which it needs to first resolve these issues of law, if the court then decides to review the trial court's weighing of the evidence, it will be abusive discretion. But these two preliminary threshold issues are reviewed de novo, and this court doesn't. Okay, so if we get there, it's an abusive discretion, not manifest weight, correct? Am I understanding your argument? Yes, Your Honor. Okay, thanks. But this court doesn't need to reach the facts because of this independent legal reason why the statute precludes this brand new theory of guilt that the state has introduced now for the first time in 20 years. The plain language of the statute commands the court to examine what happened in the trial. It includes language like the thing that the petitioner was convicted of, the thing that he was charged with, the thing that he was tried and convicted for. It's a statute that involves examining whether new evidence casts some doubt on the conclusions that were drawn at the trial. This means the state is confined to an inquiry of the theories that it raised in the trial stage. Now, what the state is asking the court to do is read this statute more broadly than it's written and allow the state to introduce new theories of guilt. In this case on brand new elements that were never charged in the original trial and the state didn't assert for 20 years. But there are two problems with this state's approach. First, under the state's proposed interpretation, a petitioner would be placed in an impossible position of having to generate new evidence of innocence of a brand new thing, potentially brand new elements of a crime decades later. The Certificate of Innocence statute warns against this approach. It notes that the passage of time causes difficulties with generating new proof. But by the state's proposed interpretation, where it's bringing up a new theory of guilt, a petitioner would be in a position where even exonerating DNA isn't enough to award him a Certificate of Innocence because the state could always just say that he did something else that he had never generated evidence about. But because the statute acknowledges that decades later when Certificates of Innocence are in play, witnesses are dead, physical evidence has been destroyed, there's really nothing that a petitioner could do to really prevent the state from using a brand new theory of guilt to oppose a Certificate of Innocence. The second problem with this approach is that this is a remedial statute. As part of the Declaratory Judgment Act, it needs to be construed in the language favorable to the petitioner. It needs to be construed in a way that favors the petitioner. But because of the evidentiary imbalances that I just described, where the state would be allowed to introduce a new theory and the petitioner would be essentially unable to come up with new evidence 20 years later, would significantly favor the state. And that's not the purpose of this remedial statute. So the state's proposed interpretation has multiple problems. This is the exact type of situation that the doctrine of judicial estoppel is designed to address. Judicial estoppel is an equitable doctrine that essentially prevents one party from gaining an unfair advantage by taking inconsistent positions. That's exactly what the state is trying to do here. So this is not a situation where the state has learned new evidence that's inculpatory and is changing its position accordingly. This is a situation where the state has learned new evidence that exculpates Mr. Palmer and is trying to take that evidence and use it to show that he committed some brand new crime. That's exactly what judicial estoppel is designed to prevent. And this court can use judicial estoppel or the candidate's sanctuary interpretation that I just described to reverse the trial court and conclude that the state is not allowed to introduce a new theory of guilt in these proceedings. May I ask a question? So with your argument, and you're familiar with the line of cases with regard to accountability and being the principal, how does that square? Because you're talking about authority that indicates that it's one and the same, being an accomplice as being a principal. So how does that square with the argument this is a different occurrence when many of the facts would be on all fours except for the act? Yes, Your Honor. So the reason that the other version of the accessory version of murder is in play here is because the statute commands the court to look at the crime charged in the indictment. And the precedent in this court is clear that certainly sometimes an indictment on one charge can include those other theories that Your Honor just mentioned. But it doesn't allow the indictment to be read that way when the indictment specifies a version of a principal liability offense. And all the evidence at trial and the jury instructions all go to that one offense. This court has held that that's not the case in people against Doss. The Third Circuit held the same thing in people against Dang. So it's not that a charge on murder always encompasses all theories. Sometimes it can. But in this situation, the precedent is clear that it doesn't. It's interesting that, you know, the state – it could be charged in an accountability case. It could be based upon the facts that we know now. When this is a petition or certificate request for innocence, it's – you're referring to innocence in the way the information reads. That's correct because that's what the statute commands. And I think it's important to note that the state hasn't decided to retry Palmer. You know, the state has had the opportunity and has repeatedly declined to retry him because there isn't evidence in this case. So this is a situation where the state might retry. The state isn't going to retry him and hasn't done so so far. So in addition to that, his statutory reason why the court needs to be compliant to the offense charged in indictment, which in this case was only murder as the sole principle, and the language in the certificate of innocence statute preventing the state from introducing – I'm not sure I follow your argument. You're saying that the state, if it was relying upon a theory of accountability, had to charge that in the information or in the indictment. I'm not familiar with any law that says that. Your Honor, the state wouldn't have to charge it in the indictment if it planned to introduce evidence at trial of an accountability theory. But the language of the certificate of innocence statute is clear that the court has to look at what was charged. And this court has held that when the – Well, he was charged with murder, and murder includes either being the principle or accountable. Not always, Your Honor. Sometimes, certainly. If there's evidence at trial of accountability, then that would be included. But this court has held that when there's one theory tried and listed in the indictment and the jury instructions are all on that theory, then the additional theory that Your Honor is talking about isn't included in the indictment. This court has held that, and people against us. Well, yeah, but I don't see why that's relevant to our discussion here. You're just basically saying the state charged murder. There was never any evidence of accountability, and therefore the state doesn't get a jury instruction on accountability. So, what? With regard to this statute. Sure. So this bill, what, is that this statute commands an examination of exactly what Your Honor talked about, which is what happened at the trial. The language in the statute requires an examination of what the petitioner was charged with, what he was convicted of, what he was tried for. So it's not about – and this certificate of innocence statute has nothing to do with what he could be tried for now, or what the state might try him for in the future. It's a statute that involves only what happened at the trial stage. And all parties agree here that the state pursued because there is evidence only of this theory where Mr. Palmer was assaulted. I understand your argument, and I know the state is listening closely and will respond to it. So thank you. Sure. So on these independent legal grounds, both the statute confining the inquiry to what was charged in the indictment, and the statute confining an inquiry to specifically what happened at trial, and not allowing the court to take any account of what new theories could be raised. Should this court wish to consider the evidence, Mr. Palmer presented significant and permanent evidence of innocence. This is a permanent evidence of innocence that Charles Palmer was not at the crime scene. This is not counterbalanced by any evidence. So first, Mr. Palmer presented what's potentially the most exculpatory evidence of all, which is DNA evidence. So after a close-quarters fight, the victim in this case died with his attacker's DNA underneath his fingernails. Mr. Palmer was excluded as a contributor to this DNA. Mr. Palmer also presented evidence that the victim's front door was locked and there was no sign of forced entry to the apartment. Mr. Palmer also presented evidence that an alternative perpetrator had a key to the victim's apartment, had motive and opportunity to commit this crime, and was not excluded as a contributor to the same DNA sample that excluded Mr. Palmer. So on top of this very powerful DNA evidence, evidence showing that Mr. Palmer had no way of being at the crime scene, and that someone else is a very likely suspect in this case, Mr. Palmer presented evidence that he was seen after the crime without blood on his clothes. This is all because he wasn't at the crime scene. This is why Mr. Palmer repeatedly testified to his own innocence of being at the victim's apartment, knowing the victim for having anything to do with the crime. On the other hand, the only evidence that this state has presented is not reliable evidence of Mr. Palmer's presence at the crime scene, and is weighed against the affirmative evidence of innocence, which is exculpatory DNA evidence of a significant evidence of an alternative perpetrator who wasn't excluded as a contributor to the DNA. Any evidence that this state presents is not strong enough to counterbalance the very affirmative evidence in favor of Mr. Palmer's innocence. So unless the panel has any other questions, I'll reserve the rest of my time. I see no questions. Thank you. Thank you. Really quickly about this DNA not excluding this Dudley, the state pointed it out at the proceeding below. For some reason, the defendant still maintains on this appeal that this Dudley was not excluded specifically on this DNA study. The more accurate testing, the more accurate reading of this testing is that it was inconclusive altogether. Nobody was excluded from this testing, and I don't know why the defendant still maintains this position. Also, DOS, which the defendant relies primarily upon, dealt with the criminal trial, not a certificate of innocence, and it dealt with the situation that the jury instructions happened after the closing arguments. The main problem in DOS is that the defendant didn't have an opportunity or notice to argue against this alternative theory, not based on new evidence or any other evidence. There obviously wouldn't be any notice or opportunity issues here. The defendant would have brought this new evidence, and then the retrial would be concentrating exactly on that new evidence. As for the legal issues, it's been – since the 1800s in Illinois, it's been well settled that accountability is not a separate offense. It's the same offense, it's just a different theory of proving it. Even as the charging instruments were drafted prior to the prior trial, which doesn't really matter on retrial, but even as they were drafted then, the defendant could have been found guilty under the accountability theory based on the evidence presented. Moreover, the defendant completely failed to mention the felony murder charges, which the defendant was also found guilty of, or at least found guilty of murder. I don't know if that differentiated between the charges or not. Clearly, and it's always been well settled, that the person committing the felony doesn't have to be the same person that committed the act of the murder – that caused the murder of the victim. Here, the defendant fails to – still fails. I don't know how this one's good. Evidence is unreliable with blood on his shoe. I don't know what evidence in the record makes this testing unreliable, besides the fact that they were tested once on the surface, sent back, and then torn apart and tested the inside of the shoe, and that's where the blood was found. This makes sense with evidence that the defendant washed his clothes after this murder, presumably he would have washed his shoes as well, and the state pointed that out in their reply to this COI. This was found underneath the leather mesh section on the side of the shoe. It wasn't in the sole. All of this shows, more likely than not, that the defendant was present and in close proximity when this murder took place. It's true that the state conceded that he was not the primary assailant. I don't know what that has to do with the language of the Certificate of Innocence Act. And again, this is defendant's burden. It's the defendant's burden to show actual innocence, not just not guilty beyond a reasonable doubt. The statutory language states that the petitioner shall request a Certificate of Innocence, finding that the petitioner was innocent of all offenses for which he or she was incarcerated. It doesn't mention charging misdemeanor at all, but as I already stated, even in a criminal trial, which obviously has much higher defense intervals than the Certificate of Innocence, even then, if there's evidence presented of accountability, the jury is allowed to be instructive on that. Here, of course, if we take this out to its hypothetical extreme and the defendant's retried, of course he's going to know that he's going to be charged or at least evidence presented of his accountability. And as far as the state not doing anything in 20 years, the defendant just brought this. Again, this is the defendant's motion. The petition for Certificate of Innocence was found by new evidence of DNA testing. Counsel, I think Mrs. Brady or Ms. Brady argued that the state can't understand to change its theory from what it originally brought before the jury. She relied upon Doss in doing that. And as I already explained, Doss was a criminal trial, first of all, and it was a weird situation where the closing arguments happened before the jury instructions happened. So the defendant didn't have an opportunity to respond. Okay, you're saying that case doesn't govern. Do you have a case that says that the state can change its theory? Well, yes. I mean, for purposes of this statute. Yeah, it's in my brief. Seja? Is that how it's pronounced? C-E-J-A? That was the case? Yes. Okay, what's that say? Let me get to it. All right. Sorry about this. Oh, no. It's well settled that a defendant charged as a principal can be convicted on a theory of accountability supported by the evidence. It's proper to charge a defendant as a principal even though the proof is that the defendant was only an accomplice. Of course, for Memphis pleading practice, because accountability is not a separate offense but merely an alternative manner of proving a defendant guilty of the substance. Right, I understand all that. I have no problem with it and fully agree with it. But I think she's saying for purposes of this statute, that really does not guide us. Because this statute doesn't speak to an even higher standard. Okay, develop that argument for me. The statutory language, I don't know. I mean, I know why the defendant concentrates on the charging instrument even though, as I stated, the certificate of innocence has to show that the defendant was actually innocent of the offenses for which he was incarcerated. Okay, I think I follow what you're saying. Would he be entitled to a certificate of innocence as far as being the principal? But not a certificate of innocence as far as being accountable? No, because they're not separate offenses and he was incarcerated through the murder of Helmbacher. And yet you're conceding that the state no longer maintains that he was the principal. They conceded that, yes, that he was the primary assailant. They? Does the state concede that? The state did concede that, yes. Again, they dismissed this without prejudice. And they dismissed this? They didn't say they didn't? They maintain their felony murder stance from the original trial. Not only that, but the point being is that even in the much higher level of a criminal proceeding, this is kosher. There's no reason to make the standard lower in a certificate of innocence hearing when this is the defendant's burden. And he has to prove actual innocence, not just that he's not guilty beyond reasonable doubt. And the evidence here, the defendant still fails to explain and never explained besides that there was foul play at the Decatur Police Department based on no evidence whatsoever. How was blood gotten on the shoe? I think counsel mentioned, well, this would mean no defendant can do that. No, just no defendant without the victim's blood on his shoe can get a certificate of innocence in the future. And the state's position on our standard of review, what is it? The ultimate decision is abuse of discretion. And the trial court may pull out actual findings here, including that there was no foul play by the Decatur Police Department as to this evidence, which, of course, there wasn't. There was no evidence presented besides that. It seems odd to me that the defendant here is trying to prove innocence, right? If we get to that, she would argue the statute doesn't let us get there. But if we get there and then the trial court makes a finding, the defendant failed to prove his innocence, why wouldn't it be a manifest way of the evidence as compared to abuse of discretion? Well, the statutory, the actual certificate of innocence statute uses the word discretion, the court in its discretion. So I'm guessing that's why. So even if the defendant proved his innocence or her innocence, the court still has discretion to deny that certificate of innocence? I don't think that would be an arbitrary, fanciful, or unreasonable decision by the trial court at that point. Okay. The court has no other questions, so I would ask this court to adjourn. No other questions. Thank you. Rebuttal? Thank you, Your Honor. I think the state is contributing to Mr. Palmer's separate legal argument. So to your point, Justice Turner, about the language specifically charged in the indictment, this is a case where Mr. Palmer relies on people against dogs. That line of cases that the state discussed stands for the proposition that even the quotas they have, that my opposing counsel read out loud, says that the charge can count as a charge for multiple theories if it's proven by the evidence. So at the trial, this accountability theory was not proven by the evidence. There was zero evidence of accountability presented at the trial. So that line of cases doesn't apply. In addition, that DoS line of cases goes to Mr. Palmer's first theory. Mr. Palmer's second independent legal reason why Mr. Palmer is entitled to a certificate of innocence is because the state is introducing a brand new theory to the bill now. So this is in a situation where Mr. Palmer was aware at the time that the state might generate this, might bring up this theory. It was trying, you know, there was evidence at trial. Mr. Palmer knew about it. What the state is trying to do is put Mr. Palmer or, you know, all petitioners in positions where they have to now provide evidence of a brand new theory to bills on brand new elements 20 years later. It's simply untenable to ask petitioners to do this when the state could keep in its back pocket any additional theory and impose a certificate of innocence on any new foundership charges. And the statute is very clear that a certificate of innocence is an inquiry into what happened at the criminal trial. Here, Mr. Palmer was charged and convicted of beating Hombacher to death. The state can't say that he was charged with murdering Hombacher because he certainly, the jury, he's convicted of what the jury hears evidence about. And the jury having heard no evidence about accountability couldn't possibly have convicted him of being an accomplice to someone else's murder. So the point here is that the state can't introduce a theory because it's playing fast and loose with the evidence. It's taking evidence that shows Mr. Palmer's innocence and now relying on it to say that he committed some different crime, some crime that he never had any idea that he was going to need to develop evidence of. This is exactly what judicial estoppel is designed to prevent. Second, I want to talk about the shoe evidence. The victim's blood, a speck of the victim's blood was found on a pair of Charles Palmer shoes after being sent to the Illinois State Police Crime Lab for exhaustive testing. The ISP scientist testified that she looked at the shoes. They were dirty. They hadn't been washed. The shoes had mesh on them that she said was see-through. She looked through with a bright light. She found no blood. Then the shoes went back several weeks later and blood appeared on the shoes. This shows only that the shoes were contaminated, Your Honors, not that Mr. Palmer had anything to do with the crime. In fact, there's testimony that he wasn't covered in blood and there's testimony that he didn't wear those shoes around the time of the crime. This is conclusive evidence that he wasn't wearing the shoes at the time of the crime and the shoes were contaminated. Now this in no way outweighs and couldn't possibly outweigh the very clear evidence of Mr. Palmer's innocence, including the fact that he's pointed to evidence that someone else had a key to the victim's apartment and was not excluded by the same DNA that did exclude Mr. Palmer. So conclusions can be drawn from that DNA. Mr. Palmer was excluded. This alternative perpetrator was not excluded. The alternative perpetrator also had a key and a motive and an opportunity to get into the apartment. Accordingly, Your Honors, Mr. Palmer is innocent of all crimes related or associated crimes related to this conviction, both for these independent legal reasons the state can't introduce new theories of guilt now, and the evidence clearly establishes his innocence today. Unless the panel has any further questions. Thank you. We'll take this matter under advisement and recess.